MAXWELL, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:
¶ 43. I agree with the plurality that the chancellor wrongly declared the sperm donor the natural father. He was neither a party to the proceeding nor asserted any claim to the child. So it was error to grant him parental rights. I also agree with Presiding Justice Randolph and Justice Coleman that it is improper to decide this case based on equitable estoppel-an argument not presented to the chancellor. Restraint is particularly called for here, because the facts the plurality and Chief Justice Waller rely on to find equitable estoppel are hotly contested on appeal. The proper course is to remand to the chancellor for factual findings, keeping in mind the polestar consideration of all custody matters-the best interest of the child.
¶ 44. I do, however, agree with Chief Justice Waller on one point-what parental rights a sperm donor may or may not have is a policy issue for the Legislature, not the Court. And since the Legislature admittedly has never spoken on this issue, we should be extremely hesitant to draw conclusions about the disestablishment-of-paternity statute, when that statute is wholly inapplicable here. Indeed, it is dangerous for the plurality to weigh in so heavily with what it views to be the best policy, since we all agree the chancellor erroneously inserted this issue into the case.
RANDOLPH, P.J., AND COLEMAN, J., JOIN THIS OPINION. CHAMBERLIN, J., JOIN THIS OPINION IN PART.